# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SUSAN ROBERTSON,**
**Claimant Below, Petitioner**

**vs.)   No. 17-1057** (BOR Appeal No. 2052080)
                      (Claim No. 2015029125)

**APEX PIPELINE SERVICES,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Susan Robertson, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Apex Pipeline Services, by Jeffrey Carder, its attorney, filed a timely response.

Ms. Robertson has protested a number of the decisions of the claims administrator regarding the compensable conditions in her claim and the medical treatment that has been recommended for the conditions. On June 2, 2015, the claims administrator accepted the claim as compensable for a sprain and strain of the medial cruciate ligament of the knee. In a separate decision, the claims administrator denied the addition of osteoarthritis of the leg as a compensable condition. On July 22, 2015, the claims administrator held the claim compensable for the conditions of contusion of the lower leg and tear of the medial cartilage or meniscus of the knee. On September 15, 2015, the claims administrator closed the claim for temporary total disability benefits. On September 21, 2015, the claims administrator denied a request for a total right knee replacement. On November 16, 2015, the claims administrator granted a 4% permanent partial disability award. On December 29, 2015, the claims administrator denied a request for authorization of physical therapy. January 27, 2016, the claims administrator denied a request for authorization for pool therapy and range of motion strengthening. On March 28, 2016, the claims administrator denied payment for an office visit with First Settlement Orthopedics. Finally, on March 29, 2016, the claims administrator denied compensability of a March 3, 2016, re-injury.

In its June 23, 2017, Order, the Office of Judges reversed the claims administrator's July 22, 2015, decision and found the claim compensable for tear of the right anterior cruciate ligament, post-traumatic arthritis of the right knee, and aggravation of preexisting osteoarthritis of the right knee; reversed the September 15, 2015, decision and ordered the payment of an additional period of temporary total disability benefits; reversed the September 21, 2015, decision and ordered authorization of the right total knee replacement; reversed the November

16, 2015, decision granting 4% permanent partial disability finding that it was premature; and reversed the March 29, 2016, denial of compensability of a March 3, 2016, injury. The Order was affirmed in part and reversed in part by the Board of Review on November 6, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 30, 2015, Ms. Robertson sustained an injury to her right knee and lower leg when a pipe fell off sandbags and pinned her leg to the side of a ditch. Ms. Robertson sought treatment at MedExpress where it was noted that she had swelling and tenderness of the lateral aspect of the right lower leg. X-rays of the right leg did not reveal any fractures. She was diagnosed with a contusion and a right knee sprain.

Ms. Robertson was treated by Dr. Tokodi for right knee and ankle pain on May 2, 2015. She provided a history of working on April 30, 2015, when a pipe rolled down and hit her on the side of the knee. She reported no right knee problems before the work injury. Dr. Tokodi noted an antalgic gait, an anterior drawer positive Lachman, and massive swelling of the right knee. He diagnosed a torn anterior cruciate ligament in the right knee, torn medial collateral ligament, and a sprained right knee and requested an MRI of the right knee. The right knee MRI revealed moderate to severe osteoarthritis, complex tearing of the medial and lateral menisci, an anterior cruciate ligament tear, and large knee effusion. The MRI showed near full-thickness cartilage loss in the medial and lateral compartments, grade two partial-thickness cartilage loss of the patella, and degenerative spur formation in all three compartments. The anterior cruciate ligament tear was of indeterminate age.

Dr. Tokodi saw Ms. Robertson for follow-up for the right knee pain on May 15, 2015. He diagnosed a torn anterior cruciate ligament of the right knee, a torn medial collateral ligament, and severe degenerative arthritis of the right knee. He recommended a total right knee replacement. However, if that was denied, he recommended steroid shots. Dr. Tokodi noted that, "[i]t seems to be more of a medical/legal question than what is best for the patient. We know she had underlying arthritis and the injury she had made her tear her ligament and also the meniscus. Now the arthritis in her knee has become overly aggravated. As a result she needs to have a knee replacement." On May 18, 2015, Dr. Tokodi requested that the diagnosis of osteoarthritis of the right knee be added as a compensable condition.

The claims administrator held the claim compensable for sprain/strain of unspecified site of the knee and leg and a contusion of the lower leg on May 27, 2015. [1] Then, on June 2, 2015,

---

[1] This decision of the claims administrator was not appealed.

the claims administrator accepted the claim as compensable for a sprain and strain of the medial cruciate ligament of the knee and a sprain and strain of the cruciate ligament of the knee. Also on June 2, 2015, the claims administrator denied the request of Dr. Tokodi to add localized osteoarthrosis of the leg as a compensable condition. On July 22, 2015, the claims administrator held the claim compensable for the additional conditions of a contusion of the lower leg and a tear of the medial cartilage or meniscus of the knee.

On July 28, 2015, Dr. Tokodi opined that an arthroscopy would not be beneficial. Ms. Robertson had a lot of bony deformity around the knee with effusion, positive Lachman and drawer, positive pivot shift, and her collaterals seemed to be tightening up. He diagnosed a torn anterior cruciate ligament of the right knee and aggravation of previous degenerative arthritis of the right knee. He recommended the total right knee replacement and opined there was a four to five percent chance the knee would improve with the arthroscopy.

On August 3, 2015, the claims administrator approved the right knee arthroscopy, debridement, synovectomy, and inspection of the meniscus. [2] In a letter to Ms. Robertson dated August 12, 2015, the claims administrator advised her that the arthroscopic surgery had been cancelled per her request due to illness and advised Ms. Robertson to call the physician's office to reschedule the surgery. On September 9, 2015, Ms. Robertson submitted an employees' and physicians' report of injury stating she injured her lower leg/right calf area when she was walking her dog and something snapped in her right lower leg. She attributed this injury to her initial April 30, 2015, injury. The physician section of the form was completed by a physician at Martha Memorial Hospital who diagnosed right calf pain.

The claims administrator closed the claim for temporary total disability benefits as no medical evidence had been received showing Ms. Robertson was temporarily and totally disabled due to the injury on September 15, 2015. On September 21, 2015, the claims administrator denied a request from Dr. Tokodi for a total right knee replacement.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on October 29, 2015. Ms. Robertson complained of pain in the right knee and spasms and swelling of the right leg. She had participated in physical therapy three times per week for one month and had two injections. She was able to work in a sedentary capacity until the job was finished on June 5, 2015. Dr. Mukkamala diagnosed a sprain/contusion of the right knee in relation to the April 30, 2015, injury. He opined that the degenerative changes in the knee were preexisting as osteoarthritis does not occur suddenly from a strain or contusion. He noted the most common cause of osteoarthritis is excess weight. In his opinion, the degenerative changes were advanced. The requested total knee replacement was due to the osteoarthritis, not the work injury. Dr. Mukkamala noted that Ms. Robertson had mild limitations on her range of motion, but no other physical findings on his examination. Dr. Mukkamala opined that Ms. Robertson had reached maximum medical improvement and needed no additional medical treatment for the work injury.

---

[1] This decision of the claims administrator was not appealed.

In a November 13, 2015, letter to Ms. Robertson's attorney, Roland Amash, D.C., stated he treated Ms. Robertson for neck pain on November 2, 2013, at which time she had no difficulties with ambulation. When he treated the claimant on May 19, 2015, she had obvious difficulties with ambulation. Ms. Robertson advised him she had torn a ligament in her knee at work and had been struggling ever since. Dr. Amash stated Ms. Robertson had no ambulation difficulties prior to April of 2015. The claims administrator granted a 4% permanent partial disability award.

Ms. Robertson was seen by Dr. Tokodi on December 1, 2015, for right knee pain. He noted she had a post-traumatic anterior cruciate ligament tear and torn medial and lateral menisci as well as underlying degenerative arthritis, which was made worse by the injury. Ms. Robertson reported more pain and instability in the right knee. She had an arthroscopic surgery on the knee in 1981. On examination, Dr. Tokodi noted a positive Lachman and drawer, medial tenderness, and lateral tenderness. He diagnosed post-traumatic arthritis of the right knee, aggravation of previous degenerative arthritis of the right knee, and torn anterior cruciate ligament of the right knee. Due to the atrophy and instability, he recommended physical therapy for strengthening the knee.

On December 29, 2015, the claims administrator denied a request from Dr. Tokodi for physical therapy as the treatment was not medically necessary or reasonably required to treat the compensable conditions in the claim. On January 27, 2016, the claims administrator denied a request from Dr. Tokodi for right knee pool therapy and range of motion strengthening. On March 28, 2016, the claims administrator denied a request from First Settlement Orthopedics for an office visit. Finally, on March 29, 2016, the claims administrator denied compensability of a claim dated March 3, 2016, in which Ms. Robertson asserted she was walking her dog when something snapped in her right lower extremity, as she was not at work when the alleged injury occurred.

An Age of Injury Analysis was completed by Kenneth Fortgang, M.D, on April 22, 2016. He noted the meniscal tears on the May 13, 2015, MRI showed maceration and deformity of both the medial and lateral menisci with advanced articular cartilage loss. Dr. Fortgang opined this was chronic and not related to the injury. He did not exclude a small tear being related to the injury, but the findings were long-standing. He also opined that the anterior cruciate ligament tear was long-standing as the ligament is not demonstrated and was probably largely resorbed. In an acute tear, the meniscus would be lying flat in the intercondylar notch, which was not the case with Ms. Robertson. He opined that the articular cartilage loss and arthritic changes were chronic and the knee joint effusion was indeterminate. Dr. Fortgang concluded that the anterior cruciate ligament and meniscal tear were chronic, long-standing, and not related to the injury. The arthritic changes were also found to be chronic and long-standing.

The Office of Judges reversed the claims administrator's July 22, 2015, decision and ordered the claim be held compensable for a sprain/strain of the medial cruciate ligament, sprain/strain of the cruciate ligament, contusion to the lower leg, tear of medial cartilage, tear of the right anterior cruciate ligament, post-traumatic arthritis of the right knee, and aggravation of pre-osteoarthritis of the knee. It reversed the September 21, 2015, claims administrator's

decision and authorized treatment for the compensable conditions, including the right total knee replacement. It also reversed the September 15, 2015, decision of the claims administrator closing the claim for temporary total disability benefits and ordered the benefits be paid for the period from August 6, 2015, through February 1, 2016. The Office of Judges determined that there was no "significant history" of symptoms prior to the date of Ms. Robertson's occupational injury. It found that Drs. Mukkamala and Amash both noted that Ms. Robertson had no history of a significant injury to her knee. Additionally, Dr. Amash specifically stated Ms. Robertson had no problems walking until after the injury in his November 13, 2015, report. The Office of Judges also relied on the opinion of Dr. Tokodi that the anterior cruciate ligament tear was due to the injury. Additionally, the Office of Judges found the opinion of Dr. Tokodi, the treating physician, to be more reliable than that of the evaluating physicians.

On November 6, 2017, the Board of Review affirmed in part and reversed in part the Office of Judges' Order. The Board of Review reversed the Office of Judges' finding that post-traumatic arthritis and aggravation of preexisting osteoarthritis of the right knee should be found to be compensable components of the claim. It also reversed the award of temporary total disability benefits and the authorization for medical treatment, including the total right knee replacement. The Board of Review determined that the request to add post-traumatic arthritis and aggravation of preexisting osteoarthritis as compensable conditions should have been denied. Therefore, it reinstated the September 15, 2015, and September 21, 2015, decisions of the claims administrator. The remaining aspects of the Office of Judges' Order were affirmed.

After review, we agree with the reasoning and conclusion of the Board of Review. The claims administrator accepted the traumatic conditions of the right knee as compensable, authorized medical treatment, and authorized surgery for those conditions. Ms. Robertson had extensive preexisting osteoarthritis. The preexisting osteoarthritis was not a discrete, new injury. The need for the total knee replacement was due to the osteoarthritis, not the injury. All of the physicians agree that this was a pre-existing condition and that it was extensive. The Board of Review did not err when it determined that condition should not be held compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING**:
Chief Justice Margaret L. Workman
Justice Robin J. Davis